UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------

In re

CASE NO. 21-20679
Chapter 11
Subchapter V

A & J PHARMACY, LLC

Debtor.

------------------------------------------------------

**DEBTOR'S REPORT PURUSANT TO 11 U.S.C § 1188(c)**

A & J PHARMACY, LLC, debtor in possession (the "Debtor"), by and through its attorney RAYMOND C. STILWELL, pursuant to 11 U.S.C. § 1188(c), Status Conference - Report, the Debtor respectfully submits the following:

**REPORT**

1. A & J PHARMACY, LLC (the "Debtor") operates an independent retail pharmacy from a business location in Webster, New York. Its operations and business offices are located at 45 Webster Commons Boulevard, Webster, Monroe County, New York and it is organized under the laws of the State of New York as a Domestic Limited Liability Company.

2. On December 8, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. As indicated in its petition for relief, the Debtor has assets of approximately $450.000. Of that amount, just over $250,000 consist of pharmaceuticals for resale, insurance reimbursements for prior sales and receivables being collected, several bank balances (none in excess of $10,000) and a small amount of office and computer equipment. Debtor did receive funding from the Paycheck Protection Program SBA-

backed loan that helps businesses keep their workers employed during the COVID-19 crisis, most of it spent and since forgiven through the PPP process. The remaining scheduled assets, some in unknown amounts, consist of older receivables and an account receivable and claim against or involving DONALD RAS, the former consultant who perpetrated a major fraud from inside the business. The Debtor's principal contacted the FBI as soon as the fraud was revealed and that an active FBI investigation is ongoing. The Debtor is actively cooperating with the FBI by providing information and evidence to support the investigation.

4. As indicated in its petition for relief, the Debtor has secured liabilities/claims in the the approximate amount of $800,450.00. ROCHESTER DRUG COOPERATIVE, INC. ("RDC"), is the senior lienholder of record with a claimed indebtedness in the approximate sum of $438,389.65 . KEY BANK NATIONAL ASSOCIATION ("Key Bank"), is a junior lienholder of record with a claimed indebtedness in the approximate sum of $269,300.05. The additional secured creditors, listed on Schedule D of the Debtor's petition, appear of record in the Office of the Secretary of State of New York which are also subordinate to the RDC Indebtedness. Due to certain fraudulent conduct perpetrated by a former employee of the A&J business, which may have resulted in unauthorized entry into security agreements reflected, the Debtor is not certain of the amounts or extents of liability to these parties.

5. As indicated in its petition for relief, the Debtor has unsecured priority liabilities, primarily in the form of IRS and New York State Tax debt in the approximate amount of $200,000.

6. As indicated in its petition for relief, the Debtor has general unsecured liabilities in the approximate amount of $2,300,000. Due to the fraud and misappropriation of both

funds and business records, the debtor is uncertain of the amounts, validity, or even existence of many of these unsecured claims.

7. As indicated in its petition for relief, the filed year to date business income was $1,228,000, yielding an average monthly income of $111,600.00.

8. As indicated in its petition for relief, the pre-COVID-19 business income for the year 2019 was $2,450,000, yielding an approximate average monthly income of $204,100.

9. Prior to the Petition Date, the Debtor entered into negotiations with its landlord concerning the continuation of its premises lease and it intends to incorporate such resolution into its proposed Plan.

10. Prior to the petition date, the Debtor and its current consultant maintained regular contact with tax and other creditors concerning the reasons for its defaults in payment and its intent to file this proceeding in order to resolve the debt.

11. The Debtor has been contacted by counsel for RDC and Key Bank concerning the provision of adequate protection and has reached preliminary agreement with counsel for RDC concerning such terms,

12. The Debtor's cash collateral consists primarily of pharmaceutical raw materials and finished products for resale, scheduled in the combined sum of $163,900; and of accounts receivable relating mainly to insurance reimbursements for the sales of such inventory, scheduled in the sum of $26,000. Debtor's entire scheduled asset value, not counting potential claims against the former employee perpetrating the fraud, is less than the amount of the claimed RDC indebtedness. The Debtor therefore intends to assert that RDC is the sole secured creditor entitled to adequate

protection in this case, and its proposed Plan will be based on those valuation principles.

13. The Debtor has obtained approval of its motion (ECF 26and 33) to appoint the undersigned as its counsel. It is preparing and intends filing of motions to approve continued use of pre-petition bank accounts, to appoint its current business and financial consultant as a professional in the case, and to approve its agreement for use of cash collateral with RDC upon such creditor's final presentation of the proposed terms for approval.

14. The Debtor intends to offer general unsecured claimants with allowable unsecured claims a percentage of such claims within the time permitted by 11 U.S.C. §1190.

15. The Debtor believes its proposed plan will not discriminate unfairly and will be fair and equitable to all creditors.

16. The Debtor will discuss its proposed plan with all general unsecured claimants that wish to discuss the terms of the plan.

17. The Debtor will seek votes in favor of its plan of reorganization from all members of the impaired class of general unsecured creditors.

18. In the event the Debtor the Debtor does not have enough votes to confirm its plan of reorganization, it will seek confirmation of the plan pursuant to §1191(b).

DATED: January 18, 2022

/s/ Raymond C. Stilwell
Raymond C. Stilwell, Esq.
Attorney for Debtor
Office & P.O. Address
4476 Main Street, Suite 120
Amherst, NY 14226
Telephone (716)634-8307